Richard T. Haefeli, Esq. Village Attorney, Westhampton Beach
You have asked whether a village by local law may prohibit the public display of fireworks or control fireworks' displays by adopting regulations that are more stringent than those provided by section 405 of the Penal Law.
Section 405 authorizes the public display of fireworks by permit. The licensing authority of a village may grant a permit to designated entities that have filed an application as required by law (id., § 405[1], [2]). Permits must include specified provisions regulating fireworks displays and may be issued only after the filing of an adequate bond (id., § 405[3], [4]).
Subdivision 5 of section 405 provides that all local ordinances regulating or prohibiting the display of fireworks are superseded by the provisions of the section; except that a city, town or village is empowered to enact ordinances or local laws regulating or prohibiting the use, storage, transportation or sale of fireworks in connection with television broadcasts.
While the supersession provision of section 405(5), by its terms, applies only to local ordinances, we believe that a broad preemption was intended. It does not seem logical that the Legislature intended to supersede only local ordinances regulating the display of fireworks while permitting local laws on the subject. If the Legislature viewed the subject as one to be regulated only by the State, it logically follows that preemption should prevent any local regulations, whether by ordinance or local law.
It appears from the provisions of section 405, with the exception of local regulation of fireworks in relation to television broadcasts, that the Legislature intended to establish exclusive State regulation of the display of fireworks. Public displays may be authorized only by permit, which must include specific safety provisions (§ 405[2], [3]). We believe that the intent was to permit public displays of fireworks under uniform State-wide standards. (See memorandum to Governor from the Committee on Criminal Courts Law and Procedure of the Association of the Bar of the City of New York, in relation to Sen Int 134, enacted as chapter 387 of the Laws of 1940 adding section 1894-a to the Penal Law, which is the predecessor of current section 405 of the Penal Law.) If this was the legislative intent, it would make no sense to read subdivision 5 of section 405 to permit regulations enacted by local law.
The only apparent basis for questioning whether the Legislature intended to prohibit local regulation of fireworks is the reference in subdivision 5 of section 405 only to "ordinances". The language of section 405(5) providing for the supersession of local ordinances dates back to 1940, when section 1894-a was added to the Penal Law (L 1940, ch 387, adopted April 10, 1940 and effective August 1, 1940). At the time of enactment, only cities possessed the power to adopt local laws relating to their property, affairs or government and in relation to certain other subjects including the protection of the property, safety and health of their inhabitants (NY Const [1940], Art IX, § 12), although the Legislature was under a mandate to confer by July 1, 1940, upon villages with a population of 5,000 or more, the power to adopt local laws relating to their property, affairs or government (id., § 16). Since at that time local laws had a limited application and most regulations were in any event by ordinance, it is fair to assume that the Legislature intended to supersede all local power over fireworks and not simply local regulations enacted by ordinance.*
We conclude that a village may not prohibit the public display of fireworks, nor adopt regulations more stringent than those provided by section 405 of the Penal Law.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.
* In 1955 the provision now in section 405(5) authorizing local governments by local law or ordinance to regulate the use of fireworks in relation to television broadcasts was added to the Penal Law (L 1955, ch 457). This amendment was drafted and sponsored by the television industry and the City of New York to authorize a New York City local law
regulating the use of television special effects (April 8, 1955 letter from Mayor Robert F. Wagner to Governor Averill Harriman, regarding Assembly Int 2524, adopted as L 1955, ch 457; see Administrative Code of the City of New York, § C19-124.2, Vol 3, pp 172-178, added by Local Law 1955, No. 67, June 20).